Approved: _____
STEPHANIE SIMON
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

22-mj-1926

------------------x
                              :  **COMPLAINT**
UNITED STATES OF AMERICA      :
                              :  Violation of 18 U.S.C.
         - v. -               :  §§ 2251(a) and (e),
                              :  2252A(a)(2)(B),
JONATHAN RIVERA and DILICIA   :  (a)(5)(B), (b)(1), and
AGUIRRE-ORELLANA,             :  (b)(2), and 2
                              :
         Defendants.          :  COUNTY OF OFFENSE:
                              X  Westchester
------------------

SOUTHERN DISTRICT OF NEW YORK, ss.:

   PAO MEI FISHER, being duly sworn, deposes and says that she is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

COUNT ONE
(Production of Child Pornography)

   1.   In or about December 2021, in the Southern District of New York and elsewhere, JONATHAN RIVERA and DILICIA AGUIRRE-ORELLANA, the defendants, unlawfully, willfully and knowingly, employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the defendant knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in or affecting interstate and foreign commerce and mailed, and the visual depiction was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means including by computer, and such visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, to wit, RIVERA persuaded AGUIRRE-ORELLANA to engage in sexual activity with a minor ("Victim-1") in Yonkers, New York, for the purpose of producing a video of the sexual activity with Victim-1.

(Title 18, United States Code, Sections 2251(a) and (e), and 2.)

## COUNT TWO
(Receipt and Distribution of Child Pornography)

2. In or about December 2021, in the Southern District of New York and elsewhere, JONATHAN RIVERA and DILICIA AGUIRRE-ORELLANA, the defendants, knowingly received and distributed material containing child pornography that had been mailed, and using means and facilities of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, AGUIRRE-ORELLANA sent files containing child pornography from a cellular telephone in Yonkers, New York to RIVERA.

(Title 18, United States Code, Sections 2252A(a)(2)(B) and (b)(1), and 2.)

## COUNT THREE
(Possession of Child Pornography)

3. Between at least in or about December 2021 and February 2022, in the Southern District of New York and elsewhere, DILICIA AGUIRRE-ORELLANA, the defendant, knowingly did possess, and knowingly did access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material containing an image of child pornography that had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, AGUIRRE-ORELLANA possessed images of child pornography, including images of prepubescent minors and minors who had not attained 12 years of age, on a cellular telephone located in Yonkers, New York.

(Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4. I am a Special Agent with the FBI. I have been a Special Agent with the FBI since January 2017. As part of my duties, I have conducted and participated in numerous

investigations of criminal activity involving crimes against children, including the receipt, possession, and/or distribution of child pornography by electronic means, sexual exploitation, and enticement of minors. I have gained expertise in these areas through training and daily work related to conducting these types of investigations. I also have experience executing search warrants, including search warrants for physical premises and electronic evidence.

5. I have been personally involved in the investigation of this matter, and I am familiar with the information contained in this Complaint based on my own personal participation in the investigation, my review of documents, conversations I have had with other law enforcement officers about this matter, my training and experience, and numerous discussions I have had with other law enforcement personnel concerning the creation, distribution, and proliferation of child pornography. Because this Complaint is being submitted for the limited purpose of establishing probable cause to arrest the defendant, I have not included the details of every aspect of the investigation. Where actions, conversations, and statements of others are related herein, they are related in substance and in part, except where otherwise indicated.

## Definitions

6. The following terms have the indicated meaning in this Complaint:

   a. The terms "minor," "sexually explicit conduct," and "visual depiction," as used herein, are defined as set forth in Title 18, United States Code, Section 2256.

   b. The term "child pornography," as used herein, is a visual depiction of a minor involved in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(8).

   c. "Computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device. See 18 U.S.C. § 1030(e)(1).

The Investigation

7. Based on my participation in this investigation, my conversations with other law enforcement officers, my review of reports and records, and my experience and training, I am aware of the following:

a. On or about February 13, 2022, the Yonkers Police Department ("YPD") received a report of child sexual abuse. A man ("Individual-1") reported that he shared a four-year-old child ("Victim-1") with DILICIA AGUIRRE-ORELLANA, the defendant. Individual-1 further reported that he found on a cellular telephone that AGUIRRE-ORELLANA had given to Victim-1 ("Cellphone-1") sexually explicit content involving AGUIRRE-ORELLANA and Victim-1—specifically, a video of AGUIRRE-ORELLANA performing oral sex on Victim-1 and a video of AGUIRRE-ORELLANA stimulating Victim-1's penis with her hand.

b. YPD detectives reviewed the contents of Cellphone-1, which Individual-1 had provided to them. On Cellphone-1, the YPD detectives found, among other things, videos matching the descriptions provided by Individual-1.

8. On or about February 17, 2022, a forensic interview of Victim-1 was conducted. Based on my conversations with other law enforcement officers and my review of reports and records, I am aware that Victim-1 did not make any disclosures during the forensic interview.

9. On or about February 22, 2022, DILICIA AGUIRRE-ORELLANA, the defendant, came to YPD headquarters at the request of law enforcement for an interview. AGUIRRE-ORELLANA was read her Miranda rights and agreed to be interviewed by law enforcement.[1] Based on my conversations with other law enforcement officers who participated in the interview, my review of reports and records, and my participation in a portion of that interview, I am aware that AGUIRRE-ORELLANA admitted in substance and in part that, at the direction of a man she called "Jay," she had created videos of herself performing sex acts on Victim-1, and sent those videos to "Jay" on a social media

---

[1] Based on my conversations with other law enforcement officers and my review of reports and records, I am aware that AGUIRRE-ORELLANA is Spanish-speaking. Accordingly, AGUIRRE-ORELLANA was read her Miranda rights in Spanish and the interview was conducted in Spanish, with the aid of a Spanish-English translator.

4

messaging application ("Application-1"). AGUIRRE-ORELLANA also stated that she met up with "Jay" in person on at least two occasions for the purpose of engaging in sex.

10. DILICIA AGUIRRE-ORELLANA, the defendant, consented to a search of her cellular telephone ("Cellphone-2"). Based on my review of the contents of Cellphone-2 and my conversations with other law enforcement officers, I am aware that Cellphone-2 contained messages exchanged over a social media messing application ("Application-1") between AGUIRRE-ORELLANA and a person ("User-1") using the telephone number ending in 0033 (the "0033 Number"), including the following:[2]

    a. On or about December 16, 2021, at approximately 4:51 A.M., User-1 messaged Individual-2 that he had a 10 year-old son ("Victim-2") and suggested in sum and substance that User-1, Individual-2, and Victim-2 should engage in sex together.

    b. In messages exchanged on or about December 16, 2021, User-1 asked AGUIRRE-ORELLANA, in sum and substance, to make a video of herself touching Victim-1. Based on my training and experience, and my participation in this investigation, I believe that User-1 was asking AGUIRRE-ORELLANA to touch Victim-1 in a sexual manner and to make a video of it.

    c. On or about December 16, 2021, at approximately 6:38 A.M., AGUIRRE-ORELLANA sent a video to User-1 ("Video-1"). Video-1 is approximately 21 seconds long and depicts AGUIRRE-ORELLANA rubbing the penis of a prepubescent boy, whom I believe to be Vicitm-1. Displayed on the left side of Video-1 is the following time stamp: "12/16/21 06:37." AGUIRRE-ORELLANA sent Video-1 to User-1 again on or about December 16, 2021, at approximately 6:45 A.M.; on or about December 17, 2021, at approximately 2:56 A.M.; on or about December 20, 2021, at approximately 1:58 A.M.; and on or about December 25, 2021, at approximately 2:45 A.M. Location data obtained from Cellphone-2 reflects that Video-1 was created and/or sent from Yonkers, New York.

    d. In messages exchanged on or about December 16, 2021, after AGUIRRE-ORELLANA sent Video-1 to User-1, User-1 messaged

---

[2] The messages on Cellphone-2 between AGUIRRE-ORELLANA and User-1 over Application-1 were in Spanish. I have reviewed draft translations of some of those messages and discussed the contents of the messages with Spanish-speaking law enforcement officers who reviewed them.

AGUIRRE-ORELLANA, in substance and in part, that he wanted AGUIRRE-ORELLANA to keep doing the same every night, to put "it" in her mouth, and that she needs to do it faster.

  e. In messages exchanged on or about December 17, 2021, User-1 directed AGUIRRE-ORELLANA, in substance and in part, to make additional sexually explicit videos of herself and Victim-1.

  f. On or about December 17, 2021, at approximately 12:34 A.M., AGUIRRE-ORELLANA sent a video to User-1 ("Video-2"). Video-2 is approximately 37 seconds long and depicts AGUIRRE-ORELLANA rubbing the penis of a prepubescent boy, whom I believe to be Vicitm-1. Displayed on the left side of Video-2 is the following time stamp: "12/17/21 00:33." AGUIRRE-ORELLANA sent Video-2 to User-1 again on or about December 17, 2021, at approximately 2:58 A.M.; on or about December 20, 2021, at approximately 1:58 A.M.; and on or about December 25, 2021, at approximately 2:45 A.M. Location data obtained from Cellphone-2 reflects that Video-2 was created and/or sent from Yonkers, New York.

  g. On or about December 25, 2021, at approximately 4:07 A.M., User-1 messaged AGUIRRE-ORELLANA, in sum and substance, that he wanted to see her perform oral sex on Victim-1. Later in the conversation, User-1 messaged AGUIRRE-ORELLANA, in sum and substance, to perform oral sex on Victim-1 when he is asleep.

  h. On or about December 25, 2021, at approximately 4:58 A.M., AGUIRRE-ORELLANA sent a video to User-1 ("Video-3"). Video-3 is approximately 37 seconds long and depicts AGUIRRE-ORELLANA placing her mouth on the penis of a prepubescent boy, whom I believe to be Vicitm-1, and sucking on it. Displayed on the left side of Video-3 is the following time stamp: "12/25/21 04:56."

  i. Based on my training and experience, and my participation in this investigation, I am aware that Video-1, Video-2, and Video-3 constitute child pornography.

  11. Law enforcement determined, based on records in a law enforcement database, that the 0033 Number had been associated with JONATHAN RIVERA, the defendant. A photo ("Photo-1") of RIVERA was obtained from law enforcement records. YPD detectives showed Photo-1 to DILICIA AGUIRRE-ORELLANA, the defendant, and she identified the person in Photo-1 as the

person she had referred to as "Jay." In messages over Application-1, User-1 also sent to AGUIRRE-ORELLANA photos he identified as photos of himself (the "User-1 Photos"). Based on my comparison of Photo-1 and the User-1 Photos, I believe that they are photos of the same person.

12. Based on my review of records obtained from the New York State Department of Motor Vehicles ("NYS DMV"), I am aware that an address in Brooklyn, New York ("Address-1") is the address listed for JONATHAN RIVERA, the defendant.

13. Based on my conversations with a representative of the New York City Department of Education ("NYC DOE"), I am aware that JONATHAN RIVERA, the defendant, worked for NYC DOE on a part-time basis since as recently as June 2021, that the phone number on file for Rivera with NYC DOE is the 0033 Number, and that the address on file for Rivera is Address-1.

14. Based on my review of records obtained from Facebook, I am aware that the 0033 Number is associated with a particular Facebook Account ("Facebook Account-1"), and that the 0033 Number was verified by the user of Facebook Account-1 in or about October 2021. IP logs for Facebook Account-1 show log-ins from an IP address ending in 168 (the "168 IP address") on or about December 28, 2021, and as recently as February 15, 2022. Facebook Account-1 is listed in a name other than "Jonathan Rivera." Based on my training and experience, I am aware that a user of a Facebook account can list any name on the account, and that people engaged in crimes often use fake names in association with social media accounts.

15. Based on my review of records obtained from Optimum Online, I am aware that the 168 IP Address is subscribed to JONATHAN RIVERA, the defendant, at Address-1, and the 0033 Number is listed on the account.

16. Based on my review of records obtained from T-Mobile, I am aware that the 0033 Number was subscribed to a person ("Individual-3") at an address in Brooklyn, New York ("Address-2"), and that the account was active from on or about March 22, 2019 to on or about December 26, 2021. Based on my review of open source records and records obtained from a law enforcement database, I believe that Individual-3 is a family member of JONATHAN RIVERA, the defendant. Based on my training and experience, and my participation in this investigation, I am aware that the user of a cellphone is often different from the subscriber listed on the account, and that people engaged in

crimes will often use cellphones with people other than themselves listed as the subscriber.

17. Based on my review of records obtained from the New York City Police Department ("NYPD"), I am aware that JONATHAN RIVERA, the defendant, filed a police report on or about December 27, 2021, regarding activity other than as described in this complaint, and provided a phone number ending in 0331 (the "0331 Number") as his phone number in connection with the report.

18. Based on my review of records obtained from T-Mobile, I am aware that the 0331 Number is subscribed to Individual-3 at Address-2. Those records further show that the IMEI for the device last used in connection with the 0033 Number is the same as the IMEI currently in use by the 0331 Number, suggesting they are the same device.

19. On or about February 27, 2022, I participated in an interview of JONATHAN RIVERA, the defendant. RIVERA was read his Miranda rights and agreed to be interviewed by law enforcement. During the interview, RIVERA admitted, in substance and in part, that the 0033 Number was his phone number in or about December 2021 and that his display name on Application-1 was "Jay"; that he had communicated with DILICIA AGUIRRE-ORELLANA, the defendant, over Application-1 in or about December 2021; that he had directed AGUIRRE-ORELLANA to make videos of herself performing sex acts on Victim-1; and that he had received videos from AGUIRRE-ORELLANA over Application-1 of AGUIRRE-ORELLANA performing sex acts on Victim-1. RIVERA further stated, in substance and in part, that he deleted Application-1 and messages with AGUIRRE-ORELLANA from his cellphone. RIVERA denied ever having met up with AGUIRRE-ORELLANA in person.

WHEREFORE, the deponent respectfully requests that JONATHAN RIVERA and DILICIA AGUIRRE-ORELLANA, the defendants, be arrested and imprisoned, or bailed, as the case may be.

                                       */s/ Pao Mei Fisher*
                                       PAO MEI FISHER
                                       Special Agent, FBI

Sworn to before me this 25 day of February, 2022

_____
THE HONORABLE PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

9